USCA1 Opinion

 

 June 3, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-2111 FELIX M. PEREZ-VELAZQUEZ, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, U.S. District Judge] ___________________ ___________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ___________________ Edgardo Jimenez Calderin and Juan A. Hernandez Rivera on _________________________ __________________________ brief for appellant. Daniel F. Lopez Romo, United States Attorney, Jose Vazquez _____________________ ____________ Garcia, Assistant United States Attorney, and Joseph E. Dunn, ______ _______________ Assistant Regional Attorney, Office of the General Counsel, Dept. of Health & Human Services, on brief for appellee. __________________ __________________ Per Curiam. We conclude that the ALJ erred in ___________ determining that claimant had the residual functional capacity (RFC) to perform the full range of sedentary work. ____ We explain briefly. Claimant fractured his right ulna in 1986. As a result of this fracture, the ALJ found, claimant's arm movement is restricted; he cannot pronate (rotate downwards) or supinate (rotate upwards) the right lower forearm, lifting is restricted to ten pounds, and claimant cannot perform past janitorial work. Despite the pronation and supination restrictions, however, the ALJ applied Grid rule 201.23 (younger individual, illiterate, previous unskilled work experience, RFC for sedentary work), which directed a finding of not disabled, to conclude that jobs exist in the economy commensurate with claimant's RFC. As we have explained, the Secretary can not discharge her burden at step five of the sequential evaluation process by relying on the Grid when a nonexertional impairment significantly affects a claimant's vocational functioning: [T]he Grid is "predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of ________ jobs...." 20 C.F.R. Part. 404, Subpart P, App. 2, 200.00(e) (1988) (emphasis added). Accordingly, where a claimant has one or more non-strength limitations, "the Guidelines do not accurately reflect what jobs would or would not be available." Gagnon v. Secretary of Health ______ ___________________ and Human Services, 666 F.3d 662, 665 n.6 __________________ -2- (1st Cir. 1981). In cases where a nonexertional impairment "significantly affects claimant's ability to perform the full range of jobs" he is otherwise exertionally capable of performing, Lugo, ____ 794 F.2d at 17, "the Secretary must carry his burden of proving the availability of jobs in the national economy by other means," Gagnon, 666 F.2d at 666 n.6, ______ typically through the use of a vocational expert. On the other hand, should a nonexertional limitation be found to impose no significant restriction on the range of work a claimant is exertionally able to perform, reliance on the Grid remains appropriate. Ortiz v. Secretary of Health and Human Services, 890 F.2d _____ ________________________________________ 520, 524 (1st Cir. 1989). Ortiz qualifies this restriction _____ on the Grid's use in cases where a significant non-strength impairment exists but there is a basis for concluding that its effect is only to reduce the occupational base "marginally," id., but there is no evidence or inference of __ that kind in this case. There was evidence of the following. Claimant was examined in May 1989 by Dr. Rodriguez at the request of the disability determination program. Dr. Rodriguez noted that claimant's right forearm was held in a position "with no pronation, nor supination possible suggestive of a bony union between the radius and ulna," but he did not explain what effect this had on claimant's functioning. Two nonexamining doctors, however, did touch on the matter. Both checked off the "limited" boxes on RFC forms on reaching, handling, and -3- fingering. One wrote that these restrictions were "moderate." The other said they were "moderate to severe." The Secretary's own regulations and rulings indicate that reaching, handling, and fingering limitations well may significantly narrow the occupational base. Reaching and handling, the Secretary has said, "are activities required in almost all jobs. Significant limitations of reaching or handling . . . may eliminate a large number of occupations a person could otherwise do." SSR 85-15. Fingering "is needed to perform most unskilled sedentary jobs." Id. And __ "bilateral manual dexterity is necessary for the performance of substantially all unskilled sedentary occupations." SSR 83-14; 20 CFR Pt. 404, Subpart P, App. 2, 201.00(h). Here, where the only doctors to address the matter have said that claimant's reaching, handling, and fingering limitations are "moderate" or "moderate to severe" in degree, the ALJ may not permissibly ignore their opinions, assert without explanation that claimant can perform a full range of ____ sedentary work, and apply the Grid without further explanation. Consequently, a remand is needed for further proceedings. See Heggarty v. Sullivan, 947 F.2d 990, 996-97 ___ ________ ________ (1st Cir. 1991) (where uncontradicted medical evidence indicated claimant's manual dexterity was limited, the ALJ's conclusion that claimant retained the capacity to perform the -4- full range of sedentary work was not supported by substantial evidence and a remand for vocational evidence was required). There is evidence in the record of the report of a vocational specialist who did not testify, indicating that there were at least a few "light work" jobs that could be performed by one of claimant's age and educational qualifications. Whether the vocational specialist appreciated claimant's exertional limitations as well is unclear. Whether the light work jobs specified were available in the national economy, in accordance with the statutory test, was not stated. 42 U.S.C. 423(d)(2)(A) (jobs claimant is capable of performing must exist "in significant numbers either in the region where [claimant] lives or in several regions of the country"). In any event, the ALJ did not refer to vocational evidence at all, relying instead solely upon the Grid, and we cannot rehabilitate the decision based on this evidence. Cf. Securities & Exchange __ ______________________ Comm. v. Chenery Corp., 318 U.S. 80, 93-95 (1943). _____ _____________ Accordingly, a remand is required for further proceedings, which may well require the consideration of expert vocational evidence. We decline claimant's request for a determination that claimant is entitled to benefits as a matter of law. We have considered claimant's other arguments, including his challenge to the ALJ's pain -5- findings, but find them without merit for the reasons stated in the magistrate-judge's July 16, 1992 report. The judgment of the district court is vacated and the _______ case is remanded with directions to remand to the Secretary ________ for further proceedings. -6-